# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARHONDA DARDEN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | |
| TRANS UNION, LLC, *et al.*, | : | |
| Defendants. | : | No. 11-6310 |

## MEMORANDUM

PRATTER, J.  MARCH 29, 2012

On October 7, 2011, Ms. Larhonda Darden filed suit against various consumer reporting agencies, alleging violations of the FCRA and FDCPA. Now before the Court is Defendant Allied Collections Service's motion to transfer this case to the Eastern or Northern District of Texas. Oral argument on the motion was held on March 9, 2012, and the matter is ripe for decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In her Complaint, Ms. Darden, a resident of Longview, Texas, alleges that Defendants have been reporting "derogatory and inaccurate" statements about her credit history to third parties, including reporting on an account with Defendant Allied that was the result of identity theft. Ms. Darden disputed the inaccurate information with the Defendants for nearly a year, to no avail. She alleges that Equifax, Experian, Trans Union and CSC[1] did not even contact her regarding her complaints, verify the veracity of her complaints with any third parties, forward information regarding the disputes to the parties that furnished the disputed information, request any relevant documents from those parties, or perform any handwriting analysis. Likewise,

---

[1] After filing the Complaint, the Plaintiff settled with Defendants Equifax and CSC.

according to the Complaint, Defendant Allied also failed to reasonably investigate the disputes and continued to supply inaccurate information. As a result, Ms. Darden claims that she has suffered lost credit opportunities, harm to her credit reputation, and emotional distress.

Ms. Darden brings one count against Defendants Experian and Trans Union, charging them with violation of the FCRA, and two counts against Defendant Allied, charging it with violations of the FCRA and FDCPA. She requests actual damages, statutory damages, punitive damages, costs, and attorney's fees.

Defendant Allied's motion originally urged the Court to dismiss the claims against it for lack of personal jurisdiction, or, in the alternative, to transfer the matter to the Eastern or Northern District of Texas. Allied later withdrew its arguments relating to personal jurisdiction and now only argues that a Texas-based federal forum would be more convenient than this forum.[2]

In the parties' briefs and exhibits, and at oral argument, the following additional information was represented to the Court without challenge. Plaintiff's residence in Longview, Texas is located in the Eastern District of Texas. Defendant Allied is a resident of the Northern District of Texas. Defendant Experian's main processing center is in Allen, Texas, which is in the Eastern District of Texas. Although Trans Union has a large operation in Crum Lynne, Pennsylvania, which is in this district, Ms. Darden's complaints were investigated by employees or contractors in Fullerton, California; Chicago, Illinois, and India; letters regarding the

---

[2] Both Ms. Darden and Allied argue that the other Defendants' silence in not joining or opposing the motion weighs in their respective, albeit opposing, favor. At oral argument, counsel for Experian and Trans Union represented to the Court that their clients would consent to transfer.

investigation results were processed at and sent from Trans Union's Pennsylvania location. Ms. Darden's counsel emphasized that Trans Union employees in Pennsylvania likely supervised the processing of claims in India; however, in its initial disclosures, Trans Union has only identified witnesses in California and Illinois. To the extent discovery is needed with regard to settling defendants Equifax and CSC, Equifax is located in Georgia and CSC in Houston, Texas.[3]

The debt on which Allied attempted to collect and allegedly reported to the other consumer reporting agencies arose from a failure to pay rent on an apartment in Irving, Texas. Ms. Darden claims that she never lived in Irving, Texas and that the apartment rented in her name was a case of identity theft. She made a police report in Texas concerning the theft.[4]

## II. LEGAL STANDARD

Requests for transfer under § 1404(a) may be granted when venue is proper in both the original and the requested venue. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *Schiller-Pfeiffer, Inc. v. Country Home Prods.*, Civ. No. 04-1444, 2004 U.S. Dist. LEXIS 24180, at *28 (E.D. Pa. Dec. 1, 2004). Under § 1404(a), district courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (*quoting Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). While there is no definitive set of factors that

---

[3] Houston is in the Southern District of Texas.

[4] Allied argues that another identity theft investigation involving an apartment in Irving may also be relevant to the case because Ms. Darden's name is mentioned in some of the police investigation documents. Ms. Darden vigorously contends that this separate case of identity theft is completely irrelevant and that the conclusions drawn by Allied from it (such as that Ms. Darden may have lived in Irving, Texas at some point in time) are demonstrably false. Be that as it may, it does appear to the Court that this additional, disputed issue will entail discovery in or about the Irving, Texas vicinity.

must be considered prior to transfer, the Court of Appeals for the Third Circuit has outlined a number of both private and public interests that the district court may consider when adjudicating a motion to transfer.[5]

The Court acknowledges the familiar maxim that in considering a transfer request, "[plaintiff's] choice of forum is entitled to great weight and is not to be disturbed unless the balance of convenience strongly favors the defendants' forum." *Blanning v. Tisch*, 378 F. Supp. 1058, 1060 (E.D. Pa. 1974) (*citing Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970)). *See also Jumara*, 55 F.3d at 879. "It should be noted, however, that the plaintiff's choice of forum is entitled to less weight where the plaintiff chooses a forum which is neither his home nor the situs of the occurrence upon which the suit is based." *Harris v. Nat'l R.R. Passenger Corp.*, 979 F. Supp. 1052, 1053 (E.D. Pa. 1997).

Pursuant to § 1404(a), a court may transfer a case: (1) to a district where the case could have been brought; and (2) where the convenience of parties and witnesses, and the interest of justice weigh in favor of the transfer. *Wallace v. Mercantile Cnty. Bank*, Civ. No. 06-3974, 2006 U.S. Dist. LEXIS 82565, at *9 (E.D. Pa. Nov. 9, 2006) (*citing* 28 U.S.C. § 1404(a)). No one disputes that this case could have been brought in either the Northern or Eastern District of

---

[5] *Jumara* notes various "private interests," such as (a) the plaintiff's forum preference as manifested in the original choice, (b) the defendant's preference, (c) whether the claim arose elsewhere, (d) the relative convenience of the parties as indicated by their relative physical and financial condition, (e) and the location of the witnesses, books and records (but only to the extent that the witnesses, books or records may actually be unavailable for trial in one of the fora). *Jumara*, 55 F.3d at 879-80 (citations omitted). The considerations also include "public interests," such as (a) the enforceability of the judgment, (b) practical considerations that could make the trial easy, expeditious or inexpensive, (c) the relative administrative difficulty in the two fora resulting from court congestion, (d) and the local interest in deciding local controversies at home. *Id.* (citations omitted).

4

Texas. *See* 28 U.S.C. § 1391(b). The Court discusses the additional factors of convenience, interests of justice and the like below.

### III. DISCUSSION

The first issue to resolve is the amount of deference the Court will give to Ms. Darden's choice of forum. Allied contends that in this case Ms. Darden's forum choice is not entitled to deference because she does not live in this district and convenience to her counsel does not carry any weight. It argues that none of the operative facts took place in this district – that all of the collection activities relating to the case took place in Texas, and that none of the investigations took place in this district. *See, e.g., Bogollagama v. Equifax Info. Servs.*, Civil Action No. 09-1201, 2009 WL 4257910, at *2-3 (E.D. Pa. Nov. 30, 2009); *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008). Ms. Darden counters that events relating to this case *did* take place in this district, pointing to Trans Union's Crum Lynne, Pennsylvania operations. As noted above, however, the information presented in the parties' briefs and at oral argument demonstrates that Trans Union's activities in this district with respect to *this particular case* were relatively insignificant. Thus, given that Ms. Darden does not reside in Pennsylvania and virtually none of the events giving rise to this litigation took place in this district, Ms. Darden's choice of forum is entitled to less weight.

#### A. Private Interest Factors

The private interest factors most relevant to this case include the location of and access to witnesses. Allied claims that its records and employees all reside in Texas, and that sending

5

employees to Pennsylvania for depositions or trial would be costly and inconvenient. Allied also points to two police investigations of identity theft which it claims are central to the outcome of this case, both of which occurred entirely in Texas; any witnesses to those events, in particular to the Plaintiff's claim of identity theft at the heart of this matter, will almost certainly be in Texas. As third parties to the case, compulsory process would not be available to compel their attendance at trial in this district, while such process would likely be available to compel the Texas residents' attendance in either of the two Texas districts.[6]

Plaintiff argues that because the activities relating to this case (credit investigations, collection activities, etc.) took place in a wide variety of places,[7] the balance does not tip in favor of Texas–according to Ms. Darden, there is no venue that is significantly more convenient than any other. She argues that document discovery would be no more convenient in Texas, as discovery in modern litigation often involves electronically exchanged documents (and that using traditional mail involves the same burdens and benefits regardless of the forum). Likewise, Ms. Darden argues that Allied's employees would not necessarily have to travel for depositions, as they could be taken in Texas or by phone.

While it is true that no single jurisdiction will cover all of the events and witnesses

---

[6] Under Federal Rule of Civil Procedure, the subject of a subpoena must live within the district, within 100 miles of the place of trial, or, if that person resides in the same state as the judicial district in which the case has been brought, within reach of the district under the forum state's laws governing service of process. In Texas, subpoenas reach 150 miles from the county in which they originate. *See* Tex. R. Civ. P. 176.3.

[7] Ms. Darden argues that the Defendants collectively have operations in Pennsylvania, Texas, Illinois, California, and Georgia, and that they sold the "false information" about Ms. Darden to creditors and resellers in Texas, Rhode Island, North Carolina, Georgia, Illinois, Connecticut, and Maryland.

related to this case and that one choice of forum over another has much less bearing on the convenience of document discovery in the Digital Age, either Texas district undoubtedly encompasses substantially more events and, consequently, witnesses than any other district, particularly this one. *See, e.g., Copley v. Wyeth, Inc.*, Civ. No. 09-722, 2009 WL 2160640, at *5-6 (E.D. Pa. July 17, 2009) (granting motion to transfer in part because of non-party witnesses who lived in or near the district of the proposed alternate forum). Even Ms. Darden lives in the Eastern District of Texas. Thus, the private interest factors relating to this case weigh in favor of transfer.

### B. Public Interest Factors

While at least some of the public interest factors appear to be neutral, Texas appears to have the strongest local interest in this case, as Ms. Darden and Allied are located there, Experian has substantial operations there, and it appears that the underlying events concerning Ms. Darden's identity theft took place entirely in Texas. *See Bogollagama*, 2009 WL 4257910, at *5. It is true that the law that applies to the case is federal law, so the applicable law does not weigh in favor of one forum over the other, but certainly, as discussed in the private interest factors, practical considerations such as the location of witnesses, including Ms. Darden herself, employees of Allied, and possibly employees of Experian and third parties, would make a trial in Texas easier and likely less expensive than one in Philadelphia.

### IV. CONCLUSION

Because Ms. Darden's choice of forum is entitled to less weight, given her state of residence and the virtual lack of any substantive activities relating to this case in this district, and because the private and public interests in this case weigh in favor of a Texas forum, the Court

7

will grant Allied's motion[8] and transfer this case to the Eastern District of Texas.[9] An appropriate Order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[8] Ms. Darden attaches to her opposition several orders issued by courts in this district which deny motions to transfer in FCRA cases brought by plaintiffs who reside in other districts. These orders are mostly so barebones that the Court cannot tell whether those cases bear any resemblance to the instant case. The orders that include any details regarding the facts are readily distinguishable, in that, unlike here, in those cases only the plaintiffs were located in the proposed alternate forum. *See, e.g., Rivera v. Equifax Info. Servs., LLC*, Civ. No. 03-CV-4112, 2004 WL 1472795 (E.D. Pa. Apr. 1, 2004) (denying motion to transfer when the only party residing in the proposed transferee forum was plaintiff and movants failed to show that the transferee forum would be more convenient).

[9] Of the two requested Texas fora, the Court designates the one in which the Plaintiff resides.